IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAMONT WILLIAMS                                                                                           PETITIONER

VS.                                                                           CIVIL ACTION NO. 3:18cv338-DPJ-FKB

WARDEN C. NASH                                                                                         RESPONDENT

## REPORT AND RECOMMENDATION

Lamont Williams is a federal prisoner serving a life sentence and currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. He brought this action pursuant to 28 U.S.C. § 2241 alleging that his sentence was improperly enhanced. The undersigned recommends that the petition be dismissed.

Williams was convicted in 2007 in the United States District Court for the Eastern District of Louisiana of one count of conspiracy to possess with intent to distribute cocaine and one count of use of a telephone to commit a drug trafficking offense. He received an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) based upon prior felony drug offenses. In his petition, he argues that pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013), his prior felony drug offenses no longer qualify as enhancers and that therefore his sentence is invalid.

Generally, the proper vehicle for challenging a conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). Williams argues that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if

he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Williams's position is that he may claim the benefits of the savings clause because the attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law.

It is well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause). Because Williams cannot challenge his sentence enhancement pursuant to § 2241, this court is without jurisdiction, and the petition should be dismissed.

Accordingly, the undersigned recommends that Williams's petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

2

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 24th day of April, 2019.

                                              s/ F. Keith Ball
                                              United States Magistrate Judge