UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAMONT WILLIAMS							PETITIONER

V.							CIVIL ACTION NO. 3:18-CV-338-DPJ-FKB

WARDEN C. NASH							RESPONDENT

ORDER

This habeas petition brought under 28 U.S.C. § 2241 is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal with prejudice for lack of jurisdiction. R&R [16]. Petitioner Lamont Williams timely filed an Objection [17] to the R&R. Because the Court agrees with Judge Ball that Williams has not established that his petition falls within 28 U.S.C. § 2255's savings clause, it adopts the R&R as the opinion of the Court.

I.	Background

Williams is a federal prisoner currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. In 2007, he was convicted of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base in the United States District Court for the Eastern District of Louisiana. Williams was sentenced to a term of incarceration of life under 21 U.S.C. § 841(b)(1)(A), which then provided a mandatory term of life imprisonment for violators of the statute who had "two or more prior convictions for a felony drug offense."[1] Williams had two qualifying convictions from 1997: a felony conviction for possession of cocaine and a felony conviction for possession with intent to distribute cocaine and marijuana. At sentencing, Williams "agreed that his prior convictions were valid and did not object to the sentencing range

---

[1] The statute was amended under the First Step Act of 2018 (P.L. 115-391).

that resulted from the application of the [sentencing] enhancement." *United States v. Williams*, 277 F. App'x 472, 477 (5th Cir. 2008).

Williams's conviction and sentence were affirmed on direct appeal, and on October 7, 2009, Williams filed a § 2255 motion with the sentencing court. That court denied the motion, and on June 15, 2017, Williams tried again, filing a motion he characterized as one under Federal Rule of Civil Procedure 60(b)(6) with the sentencing court. In that motion, Williams argued that his prior convictions no longer qualified to trigger the sentencing enhancement in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). The district court construed the motion as a second or successive § 2255 petition and transferred it to the Fifth Circuit, which denied Williams the opportunity to file a second or successive petition.

Williams then filed the instant habeas petition under § 2241, arguing that his prior convictions "fail to qualify as [] felony drug offense[s]" and that *Descamps v. United States*, 570 U.S. 254 (2013), "is a substantive Supreme Court decision that narrowed the scope of the term felony drug offense." Pet. [1] at 10. Judge Ball recommended that Williams's petition be dismissed for lack of jurisdiction as improperly brought under § 2241.

II.     Analysis

Williams's § 2241 petition attacks his conviction and sentence entered in the Eastern District of Louisiana. But § "2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing," and generally "only the sentencing court has jurisdiction to hear claims under § 2255." *Gadson v. Fleming*, No. 01-10265, 2002 WL 31730411, at *1 (5th Cir. Nov. 29, 2002) (quoting *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997)). "However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy

provided under § 2255 is inadequate or ineffective to test the legality of his detention." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

> [T]he savings clause of § 2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion."

*Id.* (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

As Judge Ball notes, under this test a petitioner's "argument that he is actually innocent of being a career offender . . . is not the type of argument that courts have recognized may warrant review under § 2241." *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000); *see also Penson v. Warden, Fed. Corr. Inst. Three Rivers*, 747 F. App'x 976, 977 (5th Cir. 2019).

But Williams says Judge Ball got it wrong, based primarily on *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017). *See* Pet'r's Obj. [17] at 1. *Santillana* involved a sentencing enhancement under 21 U.S.C. § 841(b)(1)(C), whereby a distributor of a controlled substance faces a mandatory minimum "when the subsequent use of that drug causes death or serious injury." *United States v. Santillana*, 604 F.3d 192, 195 (5th Cir. 2010). After Santillana's conviction, the Supreme Court

> h[e]ld that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage v. United States*, 571 U.S. 204, 218–19 (2014). So the Fifth Circuit reversed dismissal of Santillana's subsequent § 2241 petition, concluding that Santillana "satisfied her burden to show that she was potentially convicted of a nonexistent offense." *Santillana*, 846 F.3d at 785.

*Santillana* is readily distinguishable. There, the defendant was convicted under § 841(b)(1)(C), whereas Williams was convicted under § 841(b)(1)(A). Although broadly

3

speaking both subparts (A) and (C) serve to enhance penalties, they are substantively different. Subpart (A) increases sentences based on career-offender status, whereas subpart (C) enhances sentences based on elements of the crime of conviction.

The Fifth Circuit has consistently applied this distinction. For example, in *In re Bradford*, the court noted that it "has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." 660 F.3d 226, 230 (5th Cir. 2011). Significantly, the Fifth Circuit has repeatedly refused to extend the savings clause to sentences that were enhanced under § 841(a)(1)(A). *See, e.g.*, *Abdul Ali v. Carvajal*, 654 F. App'x 172, 173 (5th Cir. 2016). And it has likewise rejected § 2241 petitions challenging armed-career-criminal enhancements based on *Descamps*—the case Williams cites to support his Petition. *See, e.g.*, *Williams v. Warden USP Beaumont*, 609 F. App'x 269, 270 (5th Cir. 2015); *Vinson v. Maiorana*, 604 F. App'x 349, 350 (5th Cir. 2015). *Santillana* does not alter these substantial precedents—nor does it claim to.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, the Court adopts Judge Ball's Report and Recommendation [16] as the opinion of the Court. The petition is dismissed with prejudice for lack of jurisdiction. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE